[No. 18833.   Department One.   January 9, 1925.]

JOHN M. BLOMQUIST, *Respondent,* v. PACIFIC INVESTORS COMPANY, *Appellant.*[1]

DISMISSAL AND NONSUIT (19)—GROUNDS—DEFECTS AND OBJECTIONS TO PLEADINGS.   A motion to dismiss a complaint for fraud because it was not sufficiently definite and certain is properly denied where it consisted of fifteen pages setting forth the facts and circumstances of the fraud.

FRAUD (23, 26)—ACTIONS—MEASURE OF DAMAGES—INSTRUCTIONS. Upon an issue as to damages for fraud in misrepresenting land to be cleared under plaintiff's contract, the jury is properly instructed that plaintiff would be entitled to the contract price, less the sum necessary to complete the work, and in addition, the reasonable value of clearing tracts that were fraudulently included.

Appeal from a judgment of the superior court for King county, Ronald J., entered February 13, 1924,

[1]Reported in 232 Pac. 315.

upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort.  Affirmed.

*Karr & Gregory* and *H. G. Sutton,* for appellant.

*S. A. Keenan* and *E. P. Donnelly,* for respondent.

PEMBERTON, J. — Respondent obtained judgment against appellant for damages for the fraudulent representation of appellant as to the contents of a certain contract for clearing real estate, and for compensation for clearing certain lands not included within the contract.

In August, 1921, in answer to an advertisement for bids for clearing certain portions of a farm known as Minterbrook Farm, in Kitsap county, respondent visited the farm with a view of submitting a bid. Mr. C. M. Seeley, the manager of appellant corporation, had furnished respondent with a blank form of bid, and one Mr. Tanner, foreman of the farm, pointed out to respondent the respective pieces desired cleared. Respondent submitted a bid on each of the tracts and mailed his offer to appellant. On the 20th day of September, 1921, respondent signed two more bids and a contract. These bids required respondent to clear two tracts of land not included within his former offer and on which he had not originally bid. The price in the last mentioned contract was $4,200, while the former bid was $4,570. The last bid also contained the additional provision to the effect that it was respondent's agreement to clear all these various tracts as a whole.

Respondent claims that appellant made certain fraudulent representations as to the contents of the contracts in question, and asks that he be allowed reasonable compensation for clearing the tracts of land not included within the contract.

From a judgment in favor of respondent, entered upon a verdict of the jury, this appeal is taken.

It is claimed that the court erred in refusing to grant a motion of appellant to dismiss the action on the ground that it is impossible to determine from the amended complaint the precise nature of the claim of respondent, relying on the provision of the statute, as follows:

"When the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment, or may dismiss the same." Rem. Comp. Stat., § 286 [P. C. § 8370].

The complaint consists of fifteen pages and sets forth the facts and circumstances through which the fraud was consummated, and states a cause of action against appellant.

It is also contended that the court erred in giving the following instruction:

"If you find the contract not valid or not ratified as to certain tracts, then your verdict shall be for the plaintiff, and in that case the measure of his compensation will be the contract price of the tracts upon which he actually bid, less, however, such reasonable sum as may be necessary to finish any unfinished clearing covered by said bid, and less also such sums as plaintiff has already been paid. As to the other tracts, if you find such not included in the real contract, then plaintiff will be entitled to recover the fair, reasonable value of the work which he has performed upon said tracts."

This instruction certainly was as favorable to appellant as the facts would warrant on the question of compensation. It told the jury that, upon the tracts that were included within the contract, respondent would be entitled to the contract price less the sum, if any, necessary to complete any unfinished clearing. The contract price is admitted to be less than the reasonable

cost of clearing. This instruction could not prejudice the rights of appellant.

Appellant also contends that the court erred in denying its motion for judgment notwithstanding the verdict and its motion for a new trial. It claims that "there was absolutely no evidence to justify the lower court in submitting this case to a jury." We are satisfied that the testimony supports the verdict.

The judgment is affirmed.

MAIN, C. J., BRIDGES, PARKER, and TOLMAN, JJ., concur.